# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff/Counterclaim Defendant,

                                     :         Case No. 3:06-cv-322

                                              District Judge Walter Herbert Rice

        -vs-                              Chief Magistrate Judge Michael R. Merz

                                     :

ROBERT L. SPEELMAN, et al.,

        Defendants/Counterclaimants.

---

## REPORT AND RECOMMENDATIONS

---

        This case is before the Court on Motion of the United States to Dismiss the Counterclaim (Doc. No. 7), which Defendants/Counterclaimants Robert and Karen Speelman oppose (Doc. Nos. 10 and 11); the United States has filed a Reply in support (Doc. No. 12).

        The case has been referred to the undersigned for pretrial proceedings (Doc. No. 9). The Motion to Dismiss is a dispositive motion under 28 U.S.C. §636(b) and thus requires a report and recommendations.

        The Counterclaim (Doc. No. 5) purports to plead three claims

1.      for "damages for Illegal Tax Collection" under 26 U.S.C. § 7433,

2.      for "an injunction removing illegal[ly] placed federal tax lien under" 26 U.S.C. § 6331(i)(4)(B), and

3.      for unspecified relief for the illegal tax lien and failure to remove illegal tax lien under" 26 U.S.C. § 7432.

The Counterclaimants further specify that they seek minimum statutory damages of $100,000 under

26 U.S.C. §§ 7432 and 7433 (Answer and Counterclaim, Doc. No. 5, ¶¶ 9 and 10).

Counterclaimants assert that this Court has jurisdiction under 28 U.S.C. §1331 "as this action involves federal statutes and defendants [presumably referring to the United States and the Internal Revenue Service[1]] are federal agencies." ¶ 11. Their jurisdictional claim also relies on 26 U.S.C. §§ 7432 and 7433, Fed. R. Civ. P. 65, and 28 U.S.C. §§ 451, 1331, 1357, 1361, and 1391(e).

The United States seeks dismissal under Fed. R. Civ. P. 12 on the grounds that the Court does not have jurisdiction over the Counterclaim because the United States has not waived its sovereign immunity as to such claims and the injunctive relief sought by the Speelmans is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

It is fundamental that the United States, as sovereign, is immune from suit without its consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Under that doctrine, the federal courts do not have jurisdiction over a claim against the United States (including agencies of the Executive Branch) unless there is an express Congressional waiver of sovereign immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682 (1949). The courts may not enlarge the waiver beyond the express statutory language. *United States Department of Energy v. Ohio*, 503 U.S. 607, 614-616, 112 S. Ct. 1627, 118 L. Ed. 2d 255 (1992). Moreover, any waiver of sovereign immunity must be strictly construed in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992). *Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986), *citing Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-6, 103 S. Ct. 3274, 77 L. Ed. 2d 938 (1983).

---

[1]While the Counterclaimants appear to refer to the Internal Revenue Service as a defendant on the Counterclaim, the IRS has not been made a party to this case and the Counterclaimants have taken no steps to make it a party, even assuming the IRS has the capacity to be sued.

The United States as sovereign is immune from suit for money damages unless it unequivocally has waived such immunity. *Reed v. Reno.,* 146 F.3d 392, 397-98 (6th Cir. 1998). A statute of limitations is one of the terms of consent, which must therefore be strictly construed. *Dalm*, 494 U.S. at 608. Exhaustion of administrative remedies is also one of the terms of consent and thus a limitations on district court jurisdiction under 26 U.S.C. §7433. *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997).

Counterclaimants expressly admit that they have not exhausted administrative remedies (Memorandum in Opposition, Doc. No. 10, at 3). However, they suggest that this Court can waive this "minor procedural point," suggesting generally that Chief Justice Roberts has approved such waivers in the past. Counterclaimants cite to no authority for this proposition, and particularly no authority permitting such a waiver when Congress has specifically required exhaustion as a condition to sovereign consent to suit. *Fishburn,* supra, is directly contrary to their position.

Counterclaimants also contend that 26 U.S.C. §§ 7432 and 7433 are "specific exemptions to the Anti-Injunction Act IRC 7421" (Memorandum in Opposition, Doc. No. 10, at ¶ 2.) 26 U.S.C. § 7421 provides:

> (a) Tax.–Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), 7426(a), and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Thus the Congress of the United States has not provided that 26 U.S.C. §§ 7432 and 7433 are exceptions to the Anti-Injunction Act, despite having listed sections which are exceptions. Nor can the Court properly infer from the enactment of §§ 7432 and 7433 any intended exception, because those sections provide a damages remedy, expressly limited to actual economic damages, and not

any injunctive remedy. Furthermore, §7421 is phrased as a limitation on jurisdiction, not just eventual remedy; it provides "no suit . . . shall be maintained." When a suit is barred by the Anti-Injunction Act, dismissal for lack of jurisdiction is the proper action for the Court to take. *Alexander v. "Americans United," Inc.*, 416 U.S. 752 (1974).

Plaintiff also seeks dismissal of the Counterclaim for failure of the Counterclaimants to plead sufficient facts to show that their claims are made within the relevant statute of limitations. A statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989). In this case, however, the question of whether the claims are made within the statute depends on facts outside the pleadings. Because there exist ample grounds for dismissal without adjudicating the Government's statute of limitations defense, the Court need not reach that question.

It is accordingly recommended that the Motion of the United States to Dismiss the Counterclaim for lack of subject matter jurisdiction be granted.

March 19, 2007.

s/ <b>Michael R. Merz</b><br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v.*

*Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).