# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff/Counterclaim Defendant,

:     Case No. 3:06-cv-322

                                              District Judge Walter Herbert Rice

    -vs-                                    Chief Magistrate Judge Michael R. Merz

:

ROBERT L. SPEELMAN, et al.,

    Defendants/Counterclaimants.

**REPORT AND RECOMMENDATIONS ON DEFENDANTS' OBJECTION AND DEFENDANTS' MOTION FOR RECONSIDERATION**

    This case is before the Court on the filing of Defendants' Objection to Magistrate's Order (Doc. No. 21) and Motion for Reconsideration of Judge Rice's Order dismissing Karen Speelman's counterclaim because she did not object to the Report and Recommendations recommending such dismissal (Doc. No. 22). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

    The Objection is made to the Magistrate Judge's Order of May 4, 2007 (Doc. No. 20), striking Defendants' Reply to the Government's Response to Defendant's Objections to the Report and Recommendations recommending dismissal of the Counterclaim. Because the Order to which objection is made was filed and served on May 4, 2007, Defendants' time to object expired on May 23, 2007. They seek leave to file the Objections late because "they just received [the Order] due to a chronic illness in the family." No explanation is offered as to why a chronic illness in the recipient's family would cause the mail to be delivered late. The request fo file the Objections late is denied.

    The Reply was stricken because Fed. R. Civ. P. 72 does not provide for any such filing.

The basis for finding that Karen Speelman did not object was that she did not sign the Objections filed to the Report and Recommendations. Defendants now assert in both motion papers that under the common law of Ohio "spouses have automatic power of attorney for their spouse and power to sign their names to legal documents with certain acceptations [sic] such as deeds." No such common law doctrine exists in Ohio or in the federal courts. Even if either of the Defendants had a formal written power of attorney for the other, it would not create the power to sign pleadings or motion papers on that person's behalf in federal court. In the federal courts, a person may appear *pro se* or be represented by an attorney admitted to the bar of this Court, but in no other way. Moreover, Robert Speelman did not sign Karen Speelman's name to the Objections, but merely signed them once in his own name. In fact, no Objections have ever yet been tendered to the Court which purport to be signed by Karen Speelman; the Reply (which was stricken because no such filing is authorized) was signed by Robert Speelman over a signature line which has his and Karen's typed names below it.

It is therefore respectfully recommended that the Motion for Reconsideration be denied.

May 30, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).